UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANNY SANDERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-14-1302-D ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff, Danny Sanders ("Sanders"), for his complaint against the United States, alleges and states as follows:

## TORT CLAIM AGAINST THE GOVERNMENT

1. Sanders is an Army Veteran who resides in Oklahoma County, Oklahoma.

2. The United States, through the Department of Veterans Affairs ("VA") - Veterans Health Administration ("VHA"), operates medical facilities that are mandated to provide medical treatment to Veterans, pursuant to 38 U.S.C. §§ 7301 *et seq*.

3. Together, 38 U.S.C. § 7316, 38 C.F.R. § 14.605; and the Government Tort Claims Act, 28 U.S.C. §§ 1346 & 2672, provide a Veteran with the right to file suit against the United States to seek damages when an employee of the VA commits negligence or some other wrongful act. Jurisdiction over such claims is vested in this court under 28 U.S.C. §§ 1331 & 1346.

4. Oklahoma County falls within the Western District of Oklahoma, so venue is appropriate in this court pursuant to 28 U.S.C. § 1402.

5. In *Deasy vs. United States*, 99 F.3d 354 (10th Cir. 1996), the Tenth Circuit Court of Appeals recognized a cause of action against the VA in cases where VA physicians fail to treat or fail to refer a patient for treatment, after a veteran has sought necessary health care from a VA facility; and, in *Ingram v. Faruque*, 723 F.3d 1239 (10th Cir. 2013), the Tenth Circuit explained that Congress has expanded the scope of the Government Tort Claims Act to encompass claims against VA employees for **any** wrongful act committed at a VA healthcare facility.

6. The gravamen of Sanders' claim against the United States is that VA physicians failed to provide timely diagnosis and treatment for Sanders' re-growing throat cancer (a *Deasy* tort).

7. Sanders' VA medical records show that he underwent cancer treatments and surgeries at non-VA facilities from 2008 to 2012. These previous cancer treatments resulted in surgeries that removed part of Sanders' throat, including his voice box. Accordingly, cancer is a "known condition" with this Veteran.

8. On December 10, 2013, Sanders saw his VA primary care physician and no troublesome symptoms were recorded.

9. On January 10, 2014, Sanders had an appointment with his VA speech pathologist and he reported he was suffering from blood in his throat. Records show that Sanders' doctor was notified about the January 10, 2014 report, but the doctor did nothing to follow-up with Sanders about the complaint.

10. On March 10, 2014, Sanders went to the VA hospital Emergency

Department to complain he had developed pain and swelling in his mouth and throat, and the doctor on duty prescribed antibiotics without performing a CT scan.

11. On March 31, 2014, Sanders went to the VA hospital's Ear, Nose and Throat department to report he had been suffering squeezing pain in the area of his mouth and throat for over a month – the area where he had had cancer in the past – but VA doctors continued Sanders' treatment with antibiotics without performing a CT scan.

12. Sanders continued to complain, so finally, on April 11, 2014, VA physicians finally performed the necessary CT scan of Sanders' mouth and throat. That scan showed the return of cancerous tumors in the area.

13. The re-emergence of Sanders' cancer was verified by biopsy on April 24, 2014; and, on May 2, 2014 a VA cancer specialist opined that Sanders' re-growing tumor had wrapped around his carotid artery, which likely made it untreatable.

14. 38 CFR § 3.361(c)(2) provides that VA caregivers have a duty to "timely diagnose" and "properly treat" a Veteran when that Veteran already has a known condition. From the time of Sanders' report of symptoms on January 10, 2014 to April 11, 2014 VA physicians should have looked for cancer since it was a *known condition*; when they did not do so they breached the duty created by the regulation.

15. When VA physicians failed to perform necessary diagnostic procedures and breached duties created by section 3.361(c)(2) the VA became liable to Sanders under theories of negligence and negligence *per se*.

16. Pursuant to Okla.Stat.tit 12 § 19.1, Sanders consulted with a "qualified

expert" and obtained a written opinion that identified the VA's negligence.

17.     On May 5, 2014, Sanders submitted a tort claim notice using the appropriate Government form. On November 3, 2012, the VA Regional Counsel sent a letter to Sanders to deny his tort claim.

WHEREFORE, premises considered, plaintiff, Danny Sanders, prays for judgment against the United States, as follows:

1. For failure to "timely diagnose" and "properly treat" Sanders's re-growing cancer, damages of $5,000,000; and,

2. All relief that the Court deems appropriate, including, but not limited to, actual damages, punitive damages, liquidated damages, attorney's fees, costs, and for such other and further relief that the Court deems just and equitable.

s/Robert C. Brown Jr.
Robert C. Brown Jr., OBA #21113
Email - bobbrown@tommyklepperlaw.com
TOMMY KLEPPER & ASSOCIATES, PLLC
702 Wall Street, Suite 100 (73069)
Post Office Box 721980
Norman, Oklahoma 73070
Telephone:405/928-5055
Facsimile: 405/928-5059
Attorneys for Plaintiff

ATTORNEY'S LIEN CLAIMED

AFFIDAVIT IN SUPPORT OF
PROFESSIONAL NEGLIGENCE CLAIM

I, Danny Sanders, the plaintiff in the above entitled action, pursuant to Okla.Stat.tit 12 § 19.1, state the following under oath:

a. I have consulted and reviewed the facts of the claim with a qualified expert,

b. I have obtained a written opinion from a qualified expert that clearly identifies the plaintiff and includes the determination of the expert that, based upon a review of the available material including, but not limited to, applicable medical records, facts or other relevant material, a reasonable interpretation of the facts supports a finding that the acts or omissions of the defendant against whom the action is brought constituted professional negligence, and

c. on the basis of the review and consultation of the qualified expert, I have concluded that the claim is meritorious and based on good cause.

*Danny K. Sanders*
Danny Sanders - Affiant

Subscribed and sworn to before me, notary public, this 21 day of November, 2014.

*Kim Leister*
Notary Public

02009819
Commission Number

6/05/18
My Commission Expires

KIM LEISTER
Notary Public
State of Oklahoma
Commission # 02009819  Expires 06/05/18

P:\Clients\Sanders.Danny\Complaint.wpd