# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANNY SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-1302-D |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss with Brief in Support [Doc. No. 7]. Plaintiff has responded [Doc. No. 8] and Defendant has replied [Doc. No. 10]. The matter is fully briefed and ready for decision.

**I.    Allegations of the Complaint**

Plaintiff is a veteran and brings a negligence claim arising from alleged medical malpractice against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §2671 *et seq*. As additional statutory grounds for his claim, Plaintiff cites the Veterans Administration (VA) Immunity Statute, 38 U.S.C. § 7316.

Plaintiff alleges that physicians and other healthcare providers of the VA failed to treat or refer Plaintiff for treatment, resulting in an untimely diagnosis of and treatment for throat cancer. Plaintiff alleges that he underwent cancer treatments and surgeries – including the removal of part of his throat from "non-VA facilities" from 2008 through 2012. *See* Complaint, ¶ 7. Plaintiff further alleges that beginning in January 2014, he began reporting troublesome symptoms related to his throat to VA medical personnel and that in April 2014 VA physicians performed a CT scan of his mouth and throat which showed the return of cancerous tumors. *Id*., ¶¶ 9-12. Plaintiff alleges that

"[t]he re-emergence of [his] cancer was verified by biopsy on April 24, 2014; and, on May 2, 2014 a VA cancer specialist opined that Sanders' "re-growing tumor had wrapped around his carotid artery, which likely made it untreatable." *Id.*, ¶ 13. Plaintiff describes the "gravamen" of his claim against the United States to be that "VA physicians failed to provide timely diagnosis and treatment for Sanders' re-growing throat cancer (a *Deasy* tort)," *Id.*, ¶ 6.[1]

## II. Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6) ], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir.2007) (internal quotation omitted).

---

[1]Plaintiff refers to his tort claim as a *Deasy* tort, citing *Deasy v. United States*, 99 F.3d 354 (10th Cir. 1996). *See* Complaint [Doc. No. 1] at ¶¶ 5, 6. In *Deasy*, a veteran brought an FTCA claim against the United States based on alleged malpractice of VA psychiatrists who failed to refer the veteran for treatment of his edema. The court found the VA psychiatrists' failure to provide medical treatment for the veteran's edema or to refer him to a specialist for such treatment violated the standard of care and constituted medical malpractice. *Id*. at 358-59.

## III. Discussion

### A. The Complaint States a Plausible Claim for Relief under the FTCA

Defendant moves for dismissal of Plaintiff's FTCA claim on two grounds: (1) Plaintiff does not allege that the delay in diagnosing the untreatable cancer caused him harm; and (2) Plaintiff improperly relies on a federal regulation governing VA disability benefit determinations to support his claim of negligence or negligence per se; instead, FTCA liability "turns on the relevant substantive state law applicable to private individuals under like circumstances." *See* Motion at p. 1. Defendant further moves for dismissal of Plaintiff's request for punitive damages and attorney's fees on grounds the United States has not waived sovereign immunity as to such relief. *See id*. at pp. 1-2.

As Defendant correctly states, Oklahoma substantive law governs Plaintiff's FTCA claim. *See Franklin v. United States*, 992 F.2d 1492, 1495 (10th Cir. 1993) ("[W]e resolve questions of liability under the FTCA in accordance with the law of the state where the alleged tortious activity took place."). Oklahoma law requires Plaintiff to establish proof of the following three elements to support a claim of negligence: (1) a duty owed by the defendant to protect the plaintiff from injury; (2) a breach of that duty by the defendant; and (3) the plaintiff's injury was proximately caused by the defendant's breach of that duty. *Beugler v. Burlington Northern & Santa Fe Ry. Co.*, 490 F.3d 1224, 1227 (10th Cir. 2007) (*quoting Iglehart v. Board of County Comm'rs of Rogers County*, 60 P.3d 497, 502 (Okla. 2002)).

The Court finds that the allegations of the Complaint state a plausible claim for relief. Although Plaintiff's complaint references certain federal regulations in support of his FTCA claim, the Court disagrees with Defendant's characterization of Plaintiff's claim as being "solely grounded

3

in a federal regulation." *See* Motion at p. 6. Plaintiff clearly relies on allegations of medical malpractice as support for his FTCA claim.

Plaintiff alleges a delay in receiving a diagnosis from VA medical providers of his recurrence of throat cancer. He further alleges he now suffers from a tumor that is potentially untreatable. As relief, Plaintiff seeks damages for failure to timely diagnose and properly treat his cancer. Moreover, Plaintiff has attached an affidavit to his Complaint stating that he has obtained the written opinion of an expert, and based upon a review of medical records and other available information, the expert has opined that "a reasonable interpretation of the facts supports a finding that the acts or omissions of the defendant against whom the action is brought constituted professional negligence." *See* Complaint at p. 5, Affidavit of Danny Sanders.[2] Therefore, Plaintiff has sufficiently alleged "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Punitive Damages and Attorney's Fees

Defendant also moves for dismissal of Plaintiff's "claims" for punitive damages and attorney's fees. A Rule 12(b)(6) motion tests the sufficiency of a claim rather than a prayer for relief. "[T]he prayer for relief is no part of the cause of action and . . . the parties are entitled to such relief and to such judgment as the complaint . . . makes out." *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir.2011) (internal quotation omitted). Thus, Defendant improperly moves for dismissal

---

[2]Oklahoma law requires the affidavit be attached to a state court petition. *See* Okla. Stat. tit. 12, § 19.1. In its Motion, Defendant references an expert report prepared for Plaintiff and produced to Defendant pursuant to § 19.1. Defendant contends that the report "does not state that the VA caused Plaintiff harm." *See* Motion at pp. 2-3. Defendant does not attach the report to its Motion and more importantly, the report is not attached to the Complaint. Therefore, matters that might be set forth in the report are not considered by the Court. *See* Fed. R. Civ. P. 12(d).

4

of a remedy and not an independent claim. *See Stout v. Oklahoma ex rel. Oklahoma Highway Patrol*, Nos. 13-cv-753-WPJ and 14-cv-427-WPJ, 2015 WL 127820 at *11 n. 5 (W.D. Okla. Jan. 6, 2015) (unpublished op.) (United States improperly moved for dismissal of plaintiff's request for punitive damages and attorney's fees pursuant to Fed. R. Civ. P. 12(b)(6) as "that provision only applies to 'defense[s] to a claim for relief'"). The Court nonetheless will consider Defendant's arguments pursuant to Fed. R. Civ. P. 12(f)) which allows the Court to strike from a pleading any "immaterial" matter.

Defendant is correct that punitive damages cannot be recovered under the FTCA. *See Dolan v. United States Postal Service*, 546 U.S. 481, 485 (2006) (recognizing that the FTCA "makes the United States 'liable in the same manner and to the same extent as a private individual under like circumstances,' though not 'for interest prior to judgment or for punitive damages.'") (*quoting* 28 U.S.C. § 2674).[3] In addition, attorney's fees are not recoverable as a separate item of damages under the FTCA. *See* 28 U.S.C. § 2678; *see also Hull ex rel. Hull v. United States*, 971 F.2d 1499, 1509-10 (10th Cir. 1992); *Stout* 2015 WL 127820 at * 12 (W.D. Okla. Jan. 6, 2015) (unpublished op.) (striking Plaintiff's prayer for attorney's fees sought against the United States in action brought pursuant to FTCA); *Haupt v. United States*, No. CIV-10-542-D, 2010 WL 3958747 at *2 (W.D. Okla. Oct. 8, 2010) (unpublished op.) ("[T]he law is clear that punitive damages are not available against the United States in this [FTCA] action, and that attorney's fees are not recoverable as a separate item of damages.") (citing 28 U.S.C. §§ 2674, 2678). Viewing Defendant's motion for

---

[3]Plaintiff's reliance on the VA Immunity Statute, 38 U.S.C. § 7316(a)(1)(B), as authorizing punitive damages is misplaced. Plaintiff misconstrues the statutory language to authorize "legal remedies in addition to those found in the [FTCA]." *See* Reply at p. 5. But the statute makes clear that the FTCA is the exclusive remedy. *See* 38 U.S.C. § 7316(a)(1)(A).

5

dismissal of Plaintiff's request for punitive damages and attorney's fees instead as a motion under Rule 12(f), the Court finds that Plaintiff's allegations regarding punitive damages and attorney's fees should be stricken from the Complaint.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 7] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's request for an award of punitive damages and attorney's fees is STRICKEN.

IT IS SO ORDERED this 26th day of June, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE